Gtabbiblli, J.
(dissenting). The decision at Special Term affirmed unanimously at the Appellate Division appears to me to be correct in every respect. I find no particular authority for the majority’s insistence that respondents show their inability otherwise to obtain the sought after information. While such might be requisite to obtaining information gathered by another party to the action (Hickman v. Taylor, 329 U. S. 495), it is not *120 demonstrated by the majority why such a rule should obtain where the information has been gathered by an investigatory government agency which is not a party, nor likely to be involved in related litigation. Furthermore, where there has been an incident of the magnitude involved in the case at bar, and where surely the government investigation should not have to be duplicated by plaintiffs in wrongful death actions, the “ special circumstance ” criterion of CPLR 3101 (subd. [a], par. [4]) has been met (see Practice Commentary, Siegel, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3101, C 3101:22, pp. 25-27).
The question whether the sought after information, while ostensibly discoverable under CPLR 3101 (subd. [a], par. [4]), might nevertheless be protected by the common-law “ public interest ” privilege has already been determined below and is not properly before us. Special Term specifically mentioned the city’s privilege argument and just as specifically made a finding that the claim was unsupported. Since no specific error in that ruling is here asserted by the city it is difficult for me to understand why the majority desires to force plaintiffs to jump the hurdle again.
Finally, I take particular exception to the broad “ holding ” in the majority’s first footnote that the new Freedom of Information Law, to become effective September 1, 1974, “ does not abolish the common-law privilege for official information.” Whether it does or not is not before us in this case and has not been briefed. It is wrong thus to construe a statute not yet even in effect. •
I would affirm the determination appealed from and answer the certified question in the affirmative.
Chief Judge Beeitel and Judges Jones, Wachtleb and Rabin concur with Judge Jasen; Judge Gabbielli dissents and votes to affirm in a separate opinion in which Judge Stevens concurs.
Order reversed, without costs, and motion and cross motions for discovery denied, with leave to renew. Question certified answered in the negative.